IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KENNETH L.,[1]<br><br>   Plaintiff,<br><br>v.<br><br>LELAND DUDEK,[2]<br>Acting Commissioner of Social Security,<br><br>   Defendant. | Civil Action No. 3:24-CV-27 (RCY) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Kenneth L. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny his Title II application for Disability Insurance Benefits and Title XVI application for Supplemental Security Income ("SSI"). On October 25, 2024, Magistrate Judge Summer L. Speight issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 13). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objections and will adopt the Magistrate Judge's R&R in full.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases by first name and last initial.

[2] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Commissioner/Acting Commissioner as Defendant in this action. 42 U.S.C. § 405(g).

## I. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has *properly* objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). "[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (quoting *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Instead, proper "objections must respond to a specific error in the" R&R. *Overstreet v. Berryhill*, No. 7:16cv585, 2018 WL 1370865, at *1 (W.D. Va. Mar. 16, 2018). As long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). If no proper objection is made, the district court need only review the R&R for clear error. *John R. v. Kijakazi*, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).

In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding

its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.     ANALYSIS

Plaintiff asserts that the "Court should reject the Magistrate Judge's finding that the ALJ properly explained how the [residual functional capacity ("RFC")] accounted for Plaintiff's moderate limitation in concentration, persistence, and pace," because the Magistrate Judge "appears to simply restate the ALJ's findings without showing how the ALJ did not err." Pl.'s Obj. 1, ECF No. 14. Plaintiff argues that the ALJ's discussion of the evidence in the record concerning Plaintiff's migraines, polymyalgia, depression, and anxiety "was nothing more than a summary and did not *tie in* the moderate [limitation] findings at step three . . . ." *Id*. at 2 (emphasis in original). Based on that, Plaintiff asserts that "the Magistrate [Judge]'s finding is conjecture and impermissible *post hoc* rationalization of the evidence[,] because the ALJ never discussed his step three findings in the step four RFC determination." *Id*.

The Court finds that Plaintiff's objections simply rehash Plaintiff's arguments from his motion for summary judgment: that "[t]he ALJ failed to explain how the RFC determination adequately accounted for Plaintiff's moderate limitations in concentration, persistence and pace." Pl.'s Mem. Supp. Mot. Sum. J. 1, 7–8, ECF No. 9. *Compare id*. at 10 ("[T]he ALJ was required to *explain* how the findings in the psychiatric review technique and the medical evidence as a whole supported the determination that a limitation to simple, routine, and repetitive tasks would encompass all of those findings."); *and id.* at 12 ("While the ALJ rejects the opinions of Dr. Scappaticci and Dr. Varma, he provides no direct discussion explaining why the concentration, persistence, or pace limitations were rejected."), *with* Pl.'s Obj. 4 ("Summarizing evidence and

ignoring pertinent limitations from two treating physicians within the RFC discussion does not connect the dots between the step three finding of moderate limitations in concentration, persistence and pace and a limitation to simple, routine tasks."); *and id.* at 3 ("[T]he ALJ never pointed out any genuine inconsistency with the concentration, persistence and pace limitations opined by Dr. Scappaticci and Dr. Varma."). Plaintiff endeavors to couch the recycled arguments as error on the part of the Magistrate Judge (e.g., that the Magistrate Judge "rubber stamp[ed] the ALJ's decision without showing *how* the ALJ properly explained himself."). Pl.'s Obj. 4 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). But Plaintiff offers no true argument for error beyond the simple fact that the Magistrate Judge did not accept Plaintiff's argument in the original Motion for Summary Judgment that the ALJ did not sufficiently "connect the dots" between the ALJ's step three finding of moderate limitations in concentration, persistence, and pace and the ultimate RFC limitation to simple, routine tasks.

In light of this "rehashing of the arguments" from Plaintiff's Motion for Summary Judgment, *see Nichols*, 100 F. Supp. 3d at 497, the Court finds that *de novo* review of the Magistrate Judge's R&R is unnecessary and reviews the R&R for clear error only. *See John R.*, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023); *see also Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). After considering in detail the administrative record, the R&R, and Plaintiff's Objections and Motion for Summary Judgment, the Court is not persuaded that the Magistrate Judge committed error. The Court finds the R&R well-reasoned and supported by the record and applicable law. The Court thus will adopt the R&R in full.

As Magistrate Judge Speight concluded, "[t]he ALJ's decision adequately explained that the limitations relating to unskilled work, no interaction with the public, occasional interaction with coworkers, and avoiding moving parts or unprotected heights accounts for the moderate

limitations found in Plaintiff's ability to concentrate, persist, or maintain pace." R&R 18.  While the statement preceded the bulk of his RFC/ "step four" analysis, the ALJ made clear that his (forthcoming) RFC assessment "reflects the degree of limitation [he] found" with respect to, *inter alia*, Plaintiff's ability to concentrate, persist, or maintain pace, to wit:  that Plaintiff "has a moderate limitation," evidenced in the record by "some distractibility."  R. at 32.  Then, in the body of his RFC assessment, the ALJ acknowledged that in October 2022, Plaintiff reported symptoms that included "difficulty concentrating."  *Id.* at 36.  And the ALJ allotted *some* persuasive weight to the opinion offered by Dr. Scappaticci, which included the position that "[Plaintiff's] symptoms would frequently interfere with attention and concentration." *Id*. at 37.  In his summation, prior to pronouncing the appropriate range of work for Plaintiff, the ALJ noted that "[m]entally, [Plaintiff] experiences . . . some trouble with memory and distractibility,[3] and linear and logical thought process."  *Id*. at 39.

 Based on the above, the Court finds no error in the Magistrate Judge's conclusion that "the ALJ created reasonable limitations in the RFC assessment related to Plaintiff's ability to concentrate, persist, or maintain pace and adequately explained why Plaintiff's moderate limitation in those areas did not justify further restrictions on Plaintiff's ability to work." R&R at 19.  *See Lori R. v. O'Malley*, No. 2:22-cv-508, 2024 WL 1283788, at *6, 9 (E.D. Va. Mar. 26, 2024) (acknowledging that courts can look for "sufficient explanation elsewhere in the ALJ's opinion for the Court to trace the path of [the ALJ's] reasoning); *Todd A. v. Kijakazi*, No. 3:20cv594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021) ("[An] ALJ need not use any particular language or adhere to a particular format in issuing her decision;" on review, courts should read the ALJ's opinion as a whole. (quotation omitted)).  The ALJ sufficiently incorporated his step three

---

[3] The Court notes that "distractibility" is the same term the ALJ used in supporting his determination that Plaintiff has a moderate limitation with regard to concentrating, persisting or maintaining pace.  *See* R. at 32.

limitation determination in reaching—and supporting—his step four conclusion and RFC determination, and he explained in multiple places why greater restrictions—e.g., based on the opinions of Drs. Scappaticci and Varma—were not adopted.

Finally, the Court notes that, entirely contrary to Plaintiff's assertions, the ALJ did genuinely engage with the opinions of Drs. Scappaticci and Varma. *Id.* at 37–38; *see also* R&R at 17 (noting the same, also "[d]espite Plaintiff's contention otherwise"). The Court finds no error in the Magistrate Judge's determination that the ALJ properly explained why he rejected Dr. Varma's opinion and only accorded partial persuasiveness to Dr. Scappaticci's opinion, and further that substantial evidence supported the ALJ's findings.

As a result of the foregoing, the Court finds that the Magistrate Judge committed no error, and so the R&R will be adopted in full.

### III.  CONCLUSION

Having reviewed the record, the Court will overrule Plaintiff's objections to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date:  February 28, 2025
Richmond, Virginia